No. 336
### STATE ex LITTLE v. SELBY et al
Ohio Appeals, 9th Dist., Summit County
No. 791.  April 24, 1924

747.  MANDAMUS—Where a relief fund is left to the discretion of trustees to administer, mandamus will not lie in the absence of fraud, bad faith, collusion or abuse of· discretion.

WASHBURN, J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action in mandamus brought in the Court of Appeals of Summit County. Austin Little died in 1920 while a member of the police force of Akron.  His widow, the relator, brought this action to require the board of trustees of the Police Relief Fund of Akron to place her name upon the pension roll as a beneficiary and pay her a certain pension to which she claims to be entitled as the widow of Little.  The relator had originally made application to the trustees for this relief and they determined that she was not the wife of Austin Little at the time of his decease and that she was not entitled to a pension.

Prior to Austin Little's death the relator had brought an action for divorce and a divorce was granted to her.  No journal entry was prepared and no decree was entered upon the journal of the court.  The relator claimed that under these circumstances there was no judgment divorcing her from Little and that she was still his wife at the time of his death. The city maintained that the pension is in the nature of a gratuity and that the distribution of the pension fund was in the discretion of the trustees and not reviewable by the court. It also claimed that an action of mandamus could not be maintained.  In dismissing the writ, the Court held:

1. The act of the trustees of the Police Relief Fund, created and operating under 4616 to

4631 GC., in determining that the facts are not such as to entitle a claimant to a pension under the rules and regulations of said trustees, in the absence of bad faith, fraud, collusion or a clear and gross abuse of discretion, is not subject to review by the courts and cannot be controlled by a writ of mandamus.

Attorneys—Smoyer, Clinedinst & Smoyer, for State; H. N. Hagelbarger and C. T. Moore, for Selby; all of Akron.